J-A16043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS PENNYPACKER | : | |
| | : | |
| Appellant | : | No. 1651 EDA 2021 |

Appeal from the PCRA Order Entered August 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011900-2015

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JUNE 22, 2022**

Thomas Pennypacker (Pennypacker) appeals the order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his claims of ineffective assistance of counsel.[1]

Following a bench trial in 2017, Pennypacker was found guilty of aggravated assault, simple assault and reckless endangerment.[2] His trial counsel filed a post-verdict motion challenging the sufficiency of the evidence as to the serious bodily injury element of aggravated assault and reckless

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In Pennsylvania, the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9146 (PCRA), governs all claims for post-conviction relief, including Pennypacker's ineffectiveness claims.

[2] 18 Pa.C.S. §§ 2702(a), 2701(a), and 2705, respectively.

endangerment. While untimely, the trial court addressed and decided the sufficiency issue on the merits. Pennypacker was sentenced to an aggregate prison term of 3.5 to 7 years, followed by 2 years of probation. The sentence was affirmed on direct appeal.

Pennypacker filed a PCRA petition in which he contended in part that trial counsel and appellate counsel were ineffective in failing to challenge the sufficiency as to the two counts discussed above which the PCRA court summarily dismissed pursuant to Pa.R.Crim.P. 907. Moreover, Pennypacker's counsel in this appeal has filed an *Anders* brief[3] and petitioned to withdraw from the case on the ground that it is frivolous. We affirm the PCRA court's dismissal of Pennypacker's PCRA petition and grant counsel's petition to withdraw.[4]

**I.**

A panel of this Court has previously summarized the underlying case facts as follows:

> [O]n November 6, 2015, [Pennypacker] invited his daughter to join him at Stevenson's Place, a bar in Philadelphia, so [Pennypacker] could buy his daughter a drink for her birthday and give her some money. Throughout the evening, both

---

[3] Counsel's brief was filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).

[4] Pennypacker initially made an additional claim that his counsel was ineffective in not challenging the weight of the evidence as to the serious bodily injury element of aggravated assault and reckless endangerment. However, he has since withdrawn that claim, and it is not now at issue.

> [Pennypacker] and his daughter had several drinks. [Pennypacker's] niece and Sherry, a female acquaintance of [defendant], also joined the party. Later that night, an altercation arose outside the bar between [Pennypacker's] daughter and Sherry in which [Pennypacker's] daughter threw a beer bottle at Sherry. [Pennypacker] grabbed his daughter, "threw" her in the car, and "started choking [her]."
>
> [Pennypacker's] daughter told [him] he was choking her, but [Pennypacker] would not listen and did not stop. When the car door was opened, [Pennypacker] pulled his daughter out of the car and "threw" his daughter to the ground. At some point thereafter, [Pennypacker's] daughter attempted to get into the truck of a male acquaintance.
>
> Pennypacker pulled his daughter by her hair from the "pretty high" truck and again "slammed" her to the ground. During the course of these events, [defendant's] daughter sustained several injuries, including a hematoma on the right side of her jaw, swelling and bruising of her face and eye, and several scratches.

*Commonwealth v. Pennypacker*, 732 EDA 2018 (Pa. Super. September 11, 2019) (internal citations omitted).

Pennypacker was found guilty as charged, and after the judgment of sentence was entered, it was affirmed on direct appeal. *See id*. Our Supreme Court denied further review. *See Commonwealth v. Pennypacker*, 223 A.3d 243 (Pa. 2020) (denying petition for allowance of appeal).

Pennypacker timely filed a petition for PCRA relief on April 17, 2020, and counsel was appointed. An amended PCRA petition was filed on Pennypacker's behalf, the central contention of which was that both his trial counsel and his appellate attorney declined to make meritorious challenges to the sufficiency and weight of the evidence as to the serious bodily harm elements of aggravated assault and reckless endangerment.

The PCRA court summarily dismissed the amended petition on August 5, 2021, after fully complying with Rule 907. *See* Pa.R.Crim.P. 907(2) (permitting denial of a PCRA petition without a hearing as long there is no genuine issue of material fact, the petitioner is not entitled to relief as a matter of law, the petitioner has been given advance notice of the PCRA court's intention to dismiss, and the petitioner has been given 20 days to respond to the notice).

Pennypacker timely appealed, and he now raises one issue in his brief:

Were trial counsel and appellate counsel ineffective for failing to litigate the issue of whether the evidence presented by the Commonwealth was sufficient to convict [Pennypacker] of aggravated assault and recklessly endangering another person when there was a lack of proof that any serious bodily injury had been done to the victim or was attempted?

Appellant's Brief, at 3 (numbers omitted).

**II.**

Before addressing the merits of Pennypacker's ineffectiveness claim, we must evaluate whether his counsel's brief and petition to withdraw comport with the procedural and substantive requirements of *Anders*. *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015) (requiring consideration of adequacy of *Anders* brief before reviewing merits of the appeal). To withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." Specifically, the *Anders* brief must:

- 4 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, we find that counsel has substantially complied with the requirements of *Anders*. Counsel determined that the appeal is "wholly frivolous," and he filed an *Anders* brief in accordance with *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). *See* Anders Brief, at 16-18. Pennypacker has been furnished a copy of the *Anders* brief. Moreover, counsel sent Pennypacker a "no-merit" letter[5] detailing the extent of his review, the issues Pennypacker wished to raise, and an explanation as to why, in counsel's opinion, the issues were meritless; Pennypacker was also advised that he could raise any additional issues after retaining new counsel or proceeding *pro se*.

Since Pennypacker has not filed a response or retained new counsel, we must proceed by fully examining all of the proceedings, as well as the issue

---

[5] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

identified in the ***Anders*** brief, to determine whether the present appeal is, in fact, wholly frivolous. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (requiring court to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous."); ***see Commonwealth v. Dempster***, 187 A.3d 266 (Pa. Super. 2018) (same).

Counsel is presumed to be effective, and a petitioner for PCRA relief bears the burden of proving each element of ineffectiveness by a preponderance of the evidence. ***See Commonwealth v. Postie***, 200 A.3d 1015, 1023 (Pa. Super. 2018). The three elements of an ineffectiveness claim are (1) that the underlying claim of error has arguable merit; (2) that counsel had no reasonable basis for the disputed aspect of her performance; and (3) that as a result of counsel's deficient performance, the petitioner suffered prejudice. ***See Commonwealth v. Pierce***, 527 A2d 973, 975 (Pa. 1987); ***see also Commonwealth v. Spotz***, 896 A2d 1191, 1210 (Pa. 2006) (same).

Failing to satisfy any of these prongs is fatal to an ineffectiveness claim. ***Commonwealth v. Sneed***, 45 A3d 1096, 1106 (Pa. 2012). In the context of a PCRA claim, "prejudice" means that, "absent counsel's conduct, there is a reasonable probability [that] the outcome of the proceedings would have been different." ***Commonwealth v. Velasquez***, 216 A.3d 1146, 1149 (Pa. Super. 2019) (citation omitted). Counsel cannot be deemed ineffective for failing to raise claims that are meritless. ***See Commonwealth v. Spotz***, 896 A2d 1191, 1210 (Pa. 2006).

Moreover, to be eligible for PCRA relief, the petitioner must establish that the allegations have not been previously litigated or waived. **See** 42 Pa.C.S. § 9543(a)(3). An issue is deemed finally litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2).[6]

Pennypacker's claim has no merit because it rests on a faulty factual premise. He has argued that trial counsel and appellate counsel performed ineffectively by not litigating whether there was sufficient evidence to sustain his aggravated assault and reckless endangerment convictions. However, the record shows that these issues were fully litigated on the merits in Pennypacker's direct appeal, making him ineligible for PCRA relief under 42 Pa.C.S. § 9543(a)(3). **See generally Commonwealth v. Pennypacker**, 732 EDA 2018 (Pa. Super. September 11, 2019) (unpublished memorandum decision); **see also Commonwealth v. Pennypacker**, 223 A.3d 243 (Pa. 2020) (denying petition for allowance of appeal). Additionally, we have independently reviewed the record and have found no non-frivolous issues that might arguably entitle Pennypacker to relief. Thus, counsel is permitted to withdraw, and the PCRA court's order dismissing the petition must stand.

---

[6] "On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003) (citation omitted). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

Order affirmed.  Petition to withdraw granted.

Jude McCaffery joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2022